# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

DOUG DEAN and AMY DEAN,

            Plaintiffs,

v.                               CIVIL ACTION NO. 3:17-1575

CSX TRANSPORTATION, INC

            Defendant.

**ORDER**

Pending before the Court is Defendant's Motion for Protective Order (ECF No. 32). As noted in the motion, Plaintiffs served Defendant with the Notice of 30(b)(6) Deposition of Defendant CSX Transportation, Inc. ("Notice"), in which Plaintiffs sought to depose Defendant's corporate representative(s) regarding a litany of topics. *Def.'s Mot. for Protective Order*, ECF No. 32, at 1; *Ex. A. to Def.'s Mot. for Protective Order*, ECF No. 32-1. However, Plaintiffs do not merely want the 30(b)(6) deposition for use in this matter. Instead, Plaintiffs also wish to potentially use this 30(b)(6) deposition in a related, but separate, sister-case, *Sigman v. CSX Transportation, Inc.*, 3:15-cv-13328, also before this Court. *Ex. C to Def.'s Mot. for Protective Order*, ECF No. 32-3, at 4.

In *Sigman*, Plaintiffs failed to conduct a 30(b)(6) deposition of CSXT's representive(s). *Def.'s Mot. for Protective Order*, at 2. Nearly a month after the discovery deadline, Plaintiffs attempted to notice Defendant of their intent to depose its 30(b)(6) representative(s). *Ex B to Def.'s Mot. for Protective Order*, ECF No. 32-2, at 1. After Defendant refused to comply with the notice, Plaintiffs filed a Motion to Compel. *Sigman Docket*, 3:15-cv-13328, ECF No. 212. Due to

Plaintiffs' late notice for the 30(b)(6) deposition, Magistrate Judge Eifert denied the Motion to Compel in *Sigman*. *Ex B to Def.'s Mot. for Protective Order*, at 1.

Apparently, Plaintiffs endeavor to remedy the misstep in *Sigman*, by accessing CSXT's 30(b)(6) reprehensive(s) in this case. Then, Plaintiffs seemingly intend to use the fruits of that 30(b)(6) deposition(s) in the upcoming *Sigman* trial. Given the circumstances, however, the Court will not allow such maneuvering.

The Court agrees with the contentions made by Defendant in its Motion for Protective Order. Allowing Plaintiffs to continue with the 30(b)(6) deposition in this case, prior to the *Sigman* trial, which is set for March 13, 2018, is ill-advised for a variety of reasons.

First, Plaintiffs had their chance to conduct a 30(b)(6) deposition of CSXT's representative(s) in the *Sigman* case. However, they simply missed that chance. And when Plaintiffs' attempted to resurrect the 30(b)(6) deposition in *Sigman*, Magistrate Judge Eifert prevented them from doing so. *Ex. B to Def.'s Mot. for Protective Order*, at 1. The Court is not interested in allowing parties to evade judicial orders through tactical maneuvers in separate cases. Therefore, the Court refuses to do so here.

Second, even if the Court were to accept and permit Plaintiffs' stated purpose of using this 30(b)(6) deposition for a separate case, the circumstances here counsel against it. The *Sigman* trial is twelve days away. Counsel for the CSXT in this case also represents CSXT in *Sigman*. During the preparation phase for what is slated to be a two-week trial, it would be highly burdensome to expect CSXT's counsel to not only identify corporate representatives for thirty-one different topics, but also to conduct those depositions. Given this substantial and undue burden, the Court believes that permitting this 30(b)(6) deposition would defy the purposes of the discovery process.

Third, and finally, the noticed topics appear to reflect either overly broad, unnecessarily duplicative, or irrelevant requests. *See Ex. A to Def.'s Mot. for Protective Order*, at 3-7.; *see also Def.'s Mot. for Protective Order*, at 7-15. Therefore, consistent with Rules 26(b)&(c) and 30(b)(6), the Court finds Plaintiffs' Notice impermissible.

Of course, Plaintiffs are free to conduct a 30(b)(6) deposition of CSXT's representative(s) in this case. However, under the circumstances, it must do so at a different point within the permitted timeframe.

Accordingly, the Court **GRANTS** Defendant's Motion for Protective Order and **DIRECTS** that Defendant does not have to comply with Plaintiffs' Notice.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 1, 2018

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE